UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| L'ORÉAL USA CREATIVE, INC.<br><br>Plaintiff,<br><br>v.<br><br>DRUNK ELEPHANT, LLC<br>DRUNK ELEPHANT HOLDINGS, LLC<br><br><br>Defendants. | CIVIL ACTION NO. 18-982 _____ |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff L'Oréal USA Creative, Inc. ("L'Oréal" or Plaintiff), by and through the undersigned counsel, brings its complaint against defendants Drunk Elephant, LLC and Drunk Elephant Holdings, LLC ("Drunk Elephant Holdings") (collectively, "Drunk Elephant"), and alleges as follows:

**Nature of Action and Relief Sought**

1. This is an action to stop Defendants' infringement of Plaintiff's United States Patent No. 7,179,841 (the "'841 Patent"), a copy of which is attached hereto as <u>Exhibit A</u>. Plaintiff is the owner of the '841 Patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. L'Oréal is a corporation organized and existing under the laws of the State of Delaware and maintains a place of business at 10 Hudson Yards, New York, New York 10001.

3. Drunk Elephant Holdings, LLC is the parent company of Drunk Elephant, LLC. Drunk Elephant Holdings is a limited liability company organized and existing under the laws of the State of Delaware since February 27, 2017.  Drunk Elephant Holdings maintains a business address at 1600 38th St., Suite 424, Austin, Texas 70731 (Travis County).  Drunk Elephant Holdings conducts business operations within the Western District of Texas through its facilities in Austin, Texas and through its subsidiary Drunk Elephant, LLC.

4. Drunk Elephant, LLC is a limited liability company organized and existing under the laws of the State of Delaware since February 27, 2017.  Drunk Elephant, LLC has been registered with the Texas Secretary of State to conduct business in Texas since March 3, 2017, and maintains a place of business at 1600 38th Street, Suite 424, Austin, Texas 70731 (Travis County).  Drunk Elephant, LLC can be served via its registered agent for service of process, Corporation Service Company DBA CSC, located at 211 E. 7th Street Suite 620, Austin, TX 78701 (Travis County).  Drunk Elephant, LLC conducts business operations within the Western District of Texas through its facilities in Austin, Texas.

5. Based upon information and belief, Drunk Elephant ships, distributes, makes, uses, offers for sale, sells, and/or advertises C-Firma Day Serum ("C-Firma," "the C-Firma product(s)," or "the Accused Products").

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  The Court has subject matter

jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1138(a).

7. The Court has general and personal jurisdiction over Drunk Elephant at least because: Drunk Elephant is present in the Western District of Texas, conducts business in and with residents of this District, and Drunk Elephant has minimum contacts within the State of Texas and in the District; Drunk Elephant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Western District of Texas; Drunk Elephant regularly conducts business within the State of Texas and within the Western District of Texas, and L'Oréal's causes of action arise directly from Drunk Elephant's business contacts and other activities in the State of Texas and in the Western District of Texas.

8. More specifically, Drunk Elephant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Texas, and the Western Division of Texas. Based upon public information, Drunk Elephant has committed patent infringement in the State of Texas and the Western District of Texas through these activities. Drunk Elephant solicits customers in the State of Texas and in the Western District of Texas. Drunk Elephant has many paying customers who are residents of the State of Texas and the Western District of Texas and who use Defendants' products in the State of Texas and the Western District of Texas.

9. Upon information and belief, Drunk Elephant has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by residents of this District and/or incorporated into downstream products purchased by consumers in this District, including by directly or indirectly working with subsidiaries, distributors, and other entities located within this District and this State.

10. Drunk Elephant and its intermediaries maintain highly interactive and commercial websites, accessible to residents of Texas and this judicial District, through which Drunk Elephant and its intermediaries promote and sell Drunk Elephant's products and services, including products that infringe the patents-in-suit.

11. Venue is proper in this District pursuant to 28 U.S.C. §§1400(b) and 1391 for at least the reasons set forth above.

## BACKGROUND INFORMATION

12. The '841 Patent was duly and legally issued by the United States Patent and Trademark Office (hereinafter, "USPTO") after full and fair examinations.

13. The '841 Patent issued from and traces its priority date back to United States Patent Application No. 11/032,931 ("the '931 Application") which was filed on January 11, 2005 and issued after full and fair examination as the '841 Patent. *See* Ex. A at A-1 and Exhibit B.

14. The '931 Application traces its priority to United States Provisional Patent Application No. 60/536,143, which was filed on January 13, 2004. *See* Exhibit C.

15. The '841 Patent was duly issued by the USPTO on February 20, 2007. *See* Ex. A at A-1.

16. By assignment, L'Oréal is the owner of the '841 Patent, and possesses all right, title and interest in the '841 Patent, including the right to enforce the '841 Patent, the right to license the '841 Patent, and the right to sue Drunk Elephant for infringement and recover past damages. *See* Exhibit D.

17. Based upon public information, Drunk Elephant advertises, sells, offers to sell, provides and/or educates customers about its C-Firma Day Serum. Evidence obtained from Drunk Elephant's website regarding this product is provided in Exhibit E.

18. Drunk Elephant sells C-Firma directly from its own website and through third party retailers, such as Sephora and Amazon.com. *See* Exhibits F, G, and H.

19. Based on public information, Drunk Elephant owns, operates, advertises, and/or controls the website https://www.drunkelephant.com/, through which Drunk Elephant advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to Drunk Elephant's C-Firma Day Serum. Evidence obtained from Drunk Elephant's website (and others) regarding this product is provided in the claim chart at Exhibit I.

20. According to the description of C-Firma on Drunk Elephant's webpage, C-Firma Day Serum contains:



*See* Ex. F.

21. According to Drunk Elephant's web site, C-Firma Day Serum was developed to stabilize Vitamin C or L-Ascorbic Acid as a topical skin treatment to provide a "powerful defense

against environmental free-radical damage":



See Exhibit J.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,179,841**

22. L'Oréal re-alleges and incorporates by reference each of the paragraphs 1-21 above.

23. The '841 Patent is valid and enforceable.

24. Drunk Elephant has at no time, either expressly or impliedly, been licensed under the '841 Patent.

25. Upon information and belief, Drunk Elephant has infringed and continues to infringe claims of the '841 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under at least the "C-Firma Day Serum" brand.

26. Upon information and belief, Drunk Elephant has been and now is directly, literally under 35 U.S.C. §§ 271(a), and/or equivalently under the doctrine of equivalents, infringing one or more claims of the '841 Patent, including Claims 1, 4, 5, 11, 12, and 13, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises products, including at least the Accused Products, that include a single-phase solution composition comprising by weight: from 5% to 40% L-ascorbic acid, 0.2% to 5.0% of a cinnamic acid derivative selected from p-coumaric acid, ferulic acid, caffeic acid, sinapinic acid, combinations thereof, and cis and trans isomers thereof, 10% to 60% of a solvent comprising a glycol ether and an alkanediol; and water, the composition having a pH of no more than about 3.5, and wherein when the cinnamic acid derivative is present at an amount greater than 0.5%, the composition further comprises a surfactant in an amount of 1.5% to 5.0%. *See* Ex. I; *see also supra*, paragraphs 1-25.

27. Upon information and belief, Drunk Elephant has also intentionally induced and continues to induce infringement of one or more claims of the '841 Patent in this district and

L'Oréal v. Drunk Elephant
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Drunk Elephant's customers to use the Accused Products in an infringing manner. To the extent that Drunk Elephant is not the only direct infringer of the '841 Patent, customers that have purchased and/or used the Accused Products, including the C-Firma product(s) (*see* Exs. E, F, I; *see also supra*, paragraphs 1-27), constitute direct infringers.

28. Despite knowledge of the '841 Patent as early as September 21, 2018, when L'Oréal informed Drunk Elephant of infringement via letter, and also by virtue of the filing of this complaint, based upon information and belief, Drunk Elephant continues to encourage, instruct, enable, and otherwise cause its customers to use its products in a manner which infringes the '841 Patent. *See* Ex. E. Based upon public information, the provision of and sale of the Accused Products is a source of revenue and a business focus of Drunk Elephant. *Id*.

29. Based upon information and belief, Drunk Elephant specifically intends its customers to use its products and services in such a way that infringes the '841 Patent by, at a minimum, providing and supporting the Accused Products and instructing its customers on how to use them in an infringing manner, at least through information available on Drunk Elephant's website including information brochures, promotional material, and contact information. *See* Ex. E.

30. Specifically, Drunk Elephant offers C-Firma to assist its customers in treating a subject for effects of radical-induced damage according at least to Claims 25, 30, and 31. The treatment includes at least administering to the subject a stabilized single-phase solution composition comprising by weight: 5% to 40% L-ascorbic acid, 0.2% to 5.0% of a cinnamic acid derivative selected from p-coumaric acid, ferulic acid, caffeic acid, sinapinic acid,

combinations thereof, and cis and trans isomers thereof, 10% to 60% of a solvent comprising a glycol ether and an alkanediol; and water, the composition having a pH of no more than about 3.5, and wherein when the cinnamic acid derivative is present at greater than 0.5%, the composition further comprises a surfactant in an amount of 1.5% to 5.0%. *See* Exs. E, F, I. Based upon public information, Drunk Elephant knew that its actions, including but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers of the '841 Patent by continuing to sell, support, and instruct its customers on using the Accused Products. *See* Ex. E.

31. Upon information and belief, Drunk Elephant also contributes to the infringement of the '841 Patent by offering for sale and/or selling components that constitute a material part of the invention claims in the '841 Patent.

32. For example, Drunk Elephant has offered for sale and/or sold numerous C-Firma product(s) that infringe the '841 Patent, as discussed above.

33. Upon information and belief, Drunk Elephant's C-Firma product(s) have no substantial, non-infringing uses. *See* Ex. E.

34. As a result, the C-Firma product(s) can only be used in a manner that infringes the '841 Patent, and on information and belief, have been used by Drunk Elephant's customers in a manner that directly infringes one or more claims of the '841 Patent.

35. L'Oréal is entitled to recover from Drunk Elephant the damages sustained by L'Oréal as a result of Drunk Elephant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36. Drunk Elephant's infringement of L'Oréal's rights under the '841 Patent will continue to damage L'Oréal, causing irreparable harm to L'Oréal for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

37. L'Oréal respectfully requests the following relief:

    A. An adjudication that one or more claims of the '841 Patent has been infringed, either literally and/or under the doctrine of equivalents, by the Drunk Elephant;

    B. An adjudication that Drunk Elephant has induced infringement of one or more claims of the '841 Patent based upon post-filing date knowledge of the '841 Patent;

    C. An award of damages to be paid by Drunk Elephant adequate to compensate L'Oréal for Drunk Elephant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate L'Oréal for Drunk Elephant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

    D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Drunk Elephant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the '841 Patent;

E. That this Court declare this to be an exceptional case and award L'Oréal its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Respectfully submitted,

L'ORÉAL USA CREATIVE, INC.

**BELLINGER & SUBERG, LLP**

/s/Haakon Donnelly
Haakon T. Donnelly
Texas State Bar No. 24032133
Barbara L. Emerson
Texas State Bar No. 06599400
10,000 N. Central Expy., Suite 900
Dallas, Texas 75231
Telephone: (214) 954-9540
Facsimile: (214) 954-9541
hdonnelly@bellingersuberg.com
bemerson@bellingersuberg.com

                                            **THE MARBURY LAW GROUP, PLLC**
                                            Michelle E. O'Brien (*pro hac vice* pending)
                                              Maryland State Bar Member
                                            Shauna M. Wertheim (*pro hac vice* pending)
                                              Virginia State Bar No. 389069
                                            Jack Smith (*pro hac vice* pending)
                                              District of Columbia Bar No. 1,019,124
                                            Joanna L. Cohn (*pro hac vice* pending)
                                              Virginia State Bar No. 80240
                                            11800 Sunrise Valley Drive, 15th Floor
                                            Reston, Virginia 20191
                                            Telephone:  (703) 391-2900
                                            Facsimile:   (703) 391-2901
                                            mobrien@marburylaw.com
                                            swertheim@marburylaw.com
                                            jsmith@marburylaw.com
                                            jcohn@marburylaw.com

                                            **ATTORNEYS FOR PLAINTIFF**

                                            *Counsel for Plaintiff L'Oréal USA Creative, Inc.*

Date:  November 14, 2018